Dear Mr. Smith:
We are in receipt of your request for an opinion regarding the qualifications for Selectmen. Specifically, you have asked:
 1. Whether or not a Selectman who has moved his domicile from the district he represents may continue to hold office?
 2. If not, what procedures should be followed to remove him from office?
The Board of Selectmen is the local governing authority of the Town of Homer, and as such, is subject to the qualification laws governing authorities throughout the state. Except in cases where the Louisiana Revised Statutes have provided Subsections providing qualification requirements for specific offices, the governing authority members shall have the same qualifications for office as the House of Representatives. Article III, Section 4 of the Louisiana Constitution of 1974, provides for the qualification for office as follows:
 (A) An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from which he seeks election is eligible for membership in the legislature.
 (B) . . . The seat of any member who changes his domicile from the district he represents or, if elected after reapportionment, whose domicile is not within the district he represents at the time he is sworn into office, shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding.
Additionally, LSA-R.S. 18:581(1) provides that a "vacancy" occurs in an elective office when the person holding the office no longer meets the residence or domicile requirements of that office. Therefore, in response to your first question, it is our opinion that a vacancy is created in the office of selectman when the selectman has moved his domicile from the district he represents.
In response to your second question, the procedure to follow when a vacancy occurs in office is provided for in LSA-R.S.18:602, which states (in pertinent part):
 A. When a vacancy occurs in the office of a member of a parish or municipal governing authority . . . and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office.
* * *
 D. If a vacancy is not filled within the time specified in Subsection A, B, or C herein, the governor shall fill the vacancy.
* * *
Section 602(E) goes on to provide that if the unexpired term exceeds one year, then the governing authority shall, within ten days, issue a proclamation ordering a special election to fill the vacancy and shall specify the dates of the election in accordance with R.S. 18:402. If the governing authority fails to issue the proclamation, then the governor shall do so.
In conjunction with the above provisions of law, additional procedures for the instant case may be found in R.S. 18:671-675. In accordance with this section of the Election Code, any voter lawfully registered in the district where an officeholder has been elected or appointed, who has reason to believe that the officeholder no longer meets the residence or domicile requirements of that office, may make a written complaint to the proper official. The proper official in this matter is the district attorney. Thereafter, it is the district attorney's duty to investigate the complaint and provide a written opinion within twenty days. If it is the district attorney's opinion that the officeholder no longer meets the residence requirements of his office, the district attorney shall institute a suit within ten days to obtain a judgment declaring the office vacant.
Therefore, it is our opinion with regard to your second question that the procedures to be followed in this matter to remove a selectman from office when he no longer meets the residence or domicile requirements of office are as follows: (1) The governing authority shall decide if a vacancy has occurred in office; (2) If a vacancy has occurred, the governing authority shall declare the vacancy and proceed to fill the vacancy within ten days with a qualified appointee; (3) If the remainder of the term of office is more than one year, the governing authority shall issue a proclamation within ten days, calling for a special election. If the governing authority declares the office vacant, but fails to make the appointment and/or issue the proclamation, if necessary, the governor shall do so. And furthermore, if the district attorney receives a written compliant in regard to an officeholder's domicile, the district attorney shall follow the procedures of the election code for declaring an office vacant by judgment of the court.
In conclusion, once an elected official removes his domicile from the district to which he was elected, he no longer meets the domicile requirements and is not qualified to hold that office. In such case, the office is considered vacant and must be declared as such by the governing authority. Once declared vacant, a qualified person shall be appointed to the office within ten days by the local governing authority. The appointee shall serve the remainder of the term, unless the unexpired term is more than one year. In that case, a proclamation shall be issued and a special election shall be held to fill the vacancy. The provisions of the Louisiana Election Code shall govern all procedures in conjunction with this matter. Meanwhile, if a qualified voter files a written complaint regarding the domicile of an officeholder, the district attorney is required by law to investigate and render an opinion on the matter. (R.S. 18:602). The district attorney shall file suit to declare the office vacant, if he opines that the officeholder no longer meets the domicile requirements of his office.
If we can be of further assistance, please advise.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
ARL:tcw:lg